File Name: 11a0212n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-3290

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JIN CHEN,

     Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

     Respondent.

FILED
**Apr 04, 2011**
LEONARD GREEN, Clerk

ON PETITION FOR REVIEW OF AN
ORDER OF THE BOARD OF
IMMIGRATION APPEALS

_____ /

Before:     MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Petitioner-appellant Jin Chen, a native and citizen of China, arrived in the United States at Los Angeles, California on October 31, 2005. Chen did not have entry documentation, but told Homeland Security officials that she feared returning to China. Homeland Security then interviewed her at the airport. On November 2, an asylum officer met with Chen and conducted a credible fear interview with her. Homeland Security issued a notice to appear asserting that Chen should be removed to China, and an immigration judge conducted a hearing regarding the notice. Chen conceded removability to China, but notified the immigration judge of her intent to file an application for asylum. Chen filed her application for asylum, withholding of removal, and protection under the Convention Against Torture on February 26, 2010. An immigration judge denied the application after a hearing, finding that Chen lacked credibility and

also that her petition lacked merit. The Board of Immigration Appeals subsequently dismissed Chen's appeal. In doing so, the Board addressed only the immigration judge's adverse credibility determination and held that it was not clearly erroneous. Now, Chen petitions this Court to review the Board's decision. We **DENY** the petition.

I.

When the Board does not adopt the decision of the immigration judge and instead issues its own opinion, we review the Board's opinion as the final determination of the agency. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). Here, the Board issued its own opinion based on only the issue of Chen's credibility. The Board dismissed the appeal, holding that the immigration judge's determination as to Chen's credibility was not clearly erroneous because of four reasons cited by the immigration judge.

We review a factual determination by the Board, such as a credibility determination, for substantial evidence. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "Th[is] finding[] of fact [is] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This is a deferential standard of review, and we may not reverse the Board's decision merely because we would have reached a different conclusion. *Kaba v. Mukasey*, 546 F.3d 741, 747 (6th Cir. 2008).

The immigration judge must make her credibility determination "[c]onsidering the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). Furthermore, the "conclusion must be supported by specific reasons." *Kaba*, 546 F.3d at 749. Because Chen filed her application after May 10, 2005, the REAL ID Act governs and allows the immigration judge to consider

inconsistencies that pertain to any "relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). This is a change in the law; inconsistencies formerly had to "be based upon issues that go to the heart of the applicant's claim" to support an adverse credibility finding. *Kaba*, 546 F.3d at 749. We have reversed credibility determinations before when they were based on "speculation," "conjecture," or "inconsistencies unsupported in the record." *Mapouya v. Gonzales*, 487 F.3d 396, 407 (6th Cir. 2007) (citations omitted). Here, however, the immigration judge based her determination upon four reasons clearly contained in the record.

The first reason for the immigration judge's adverse credibility determination is that Chen omitted a key fact from her airport and credible fear interviews that she did not present until her asylum hearing. Specifically, Chen claimed at the hearing that she was persecuted in China because she practices Falun Gong.[1] At the hearing, she explained that she never mentioned this fact before because her smuggler warned her to never tell anyone about her Falun Gong beliefs or she would be returned to China and persecuted even more severely.

This omission is extremely damaging to Chen at first glance because an asylum "application should contain at least some indication of the type of assertions that will be made in support of a claim," *Kaba*, 546 F.3d at 749-50, but here, Chen omitted the entire basis for her fear of persecution. "[A] complete lack of specificity in . . . applications justifies the immigration judge's skepticism about the validity of those claims . . . ." *Id.* at 750. However, the omission is mitigated at least

---

[1]Falun Gong is an Asian "spiritual exercise movement" that gained popularity, especially in the People's Republic of China, in the early 1990s. The Chinese government outlawed Falun Gong and has punished those who practice it with violent attacks, imprisonment, and re-education programs. Thomas Lum, Cong. Research Serv., RL 33437, China and Falun Gong summary, 1-2 (2006) *available at* http://fpc.state.gov/documents/organization/67820.pdf.

somewhat by Chen's explanation that she feared persecution if she revealed her beliefs. *Cf. Munoz-Monsalve v. Mukasey*, 551 F.3d 1, 8 (1st Cir. 2008) ("[A]n [immigration judge] is justified—at least in the absence of a compelling explanation—in doubting the petitioner's veracity.").

Second, Chen testified inconsistently at her hearing as to how frequently she distributed Falun Gong fliers in her hometown. On direct examination, she testified that she passed out fliers on a daily basis. However, on cross-examination, she testified that she only distributed fliers two or three times a month.

This does not seem to us a gross error, but we have held before that negative credibility determinations may be supported by inconsistencies in testimony regarding issues of frequency and numerosity. *See Berri v. Gonzales*, 468 F.3d 390, 395 (6th Cir. 2006) (holding that immigration judge's adverse credibility finding was partly supported because petitioner varied greatly in his testimony, first stating that Hezbollah questioned him only a couple of times before increasing that figure to ten times a day for multiple days).

Third and fourth, the Board agreed with the immigration judge that Chen failed to produce any corroborative evidence. Chen submitted two affidavits to corroborate her claims, one from her father and one from her friend. However, the immigration judge discredited the letters, describing them as having "virtually identical . . . tone, phrases, and organization," and took issue with them because the friend's letter referred to Chen as the friend's daughter. Additionally, the immigration judge faulted Chen for failing to supply any record of a police report from an instance in which Chen claims her boss attacked her and she called the police.

In the Sixth Circuit, an adverse credibility determination may be based upon a failure to produce corroborating evidence "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004). Regarding the letters from Chen's father and friend, the immigration judge apparently doubted their authenticity and alluded that they may have been fabricated because they were so similar. The immigration judge further doubted their authenticity because the friend's letter oddly referenced Chen as the friend's daughter, but on appeal, Chen claims that the error resulted from faulty translation. We are not convinced that the affidavits lack authenticity simply because they are virtually identical, or even if they were prepared by someone other than the signatories. *Cf. Iglesias v. Mukasey*, 540 F.3d 528, 532 (7th Cir. 2008) (explaining that form affidavits were not clear and convincing because they did not contain very much information, but not because they were form affidavits). The odd reference to Chen as the friend's daughter seems more troubling, but this may have merely been a translation error as Chen now contends. The absence of Chen's police report is more problematic especially because she did not claim that it was unavailable or that she tried to obtain a copy. *Cf. Dorosh*, 398 F.3d at 383 ("It was reasonable for the [Board] to expect Petitioner to have retained these [corroborative] letters, especially since she offered no special circumstances to explain their absence.").

We have certainly reviewed credibility determinations where the immigration judge's determination was much more strongly supported than the one here. We are not convinced that any one of these reasons would be sufficient to support the immigration judge's determination by itself. However, the reasons must be viewed collectively. 8 U.S.C. § 1158(b)(1)(B)(iii). Furthermore, our

task here is to decide whether substantial evidence is lacking enough so as to *compel* any reasonable

adjudicator to make a contrary conclusion. With that high standard in mind, we hold that substantial

evidence supported the immigration judge's adverse credibility determination. The immigration

judge listed four specific reasons for her determination that are supported in the record. She did not

rely upon speculation, conjecture, or inconsistencies that were not supported in the record.

*Mapouya*, 487 F.3d at 407. Viewing the reasons collectively, we cannot say that any reasonable

adjudicator would have been compelled to conclude differently. *Cf., e.g.*, *El-Moussa v. Holder*, 569

F.3d 250, 255 (6th Cir. 2009) ("Although not every inconsistency identified by the [immigration

judge] is beyond debate, substantial evidence supports the [immigration judge]'s findings.").

II.

For the foregoing reasons, we **DENY** Chen's petition for review.