*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0433p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MACIVER MORGAN,

　　　　　　*Petitioner-Appellant,*

　　　　*v.*

PETER D. KEISLER,[*] Acting Attorney General of the
United States,

　　　　　　*Respondent-Appellee.*

No. 06-3505

>

---

On Appeal from the Board
of Immigration Appeals.
No. A39 135 544.

Argued: September 18, 2007

Decided and Filed: October 29, 2007

Before: BATCHELDER and GILMAN, Circuit Judges; STAFFORD, District Judge.[**]

---

## COUNSEL

**ARGUED:** James W. Chin, JAMES CHIN LAW OFFICE, Cleveland, Ohio, for Petitioner. Thomas H. Dupree, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** James W. Chin, JAMES CHIN LAW OFFICE, Cleveland, Ohio, for Petitioner. Jennifer Keeney, Michelle Gorden Latour, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. Maciver Morgan, a native and citizen of Jamaica, legally entered the United States as a permanent resident alien in 1985. Morgan married his wife,

---

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

[**]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Tonya, in 1998, and they have since lived in Cleveland, Ohio with their two children and her child from a previous relationship. In 1996, Morgan pled guilty in Ohio state court to aggravated assault and was sentenced to 18 months in prison. The Bureau of Immigration and Customs Enforcement (ICE) initiated removal proceedings against him in 2003, alleging that his conviction for an aggravated felony/crime of violence made him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Morgan contested his removability and alternatively applied for a waiver of inadmissibility pursuant to § 212(c) of the Immigration and Nationality Act (INA). Following three hearings, the Immigration Judge (IJ) denied Morgan's application and ordered him removed to Jamaica. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and Morgan timely appealed. For the reasons set forth below, we **AFFIRM** the judgment of the BIA.

## I.  BACKGROUND

### A.      Statutory background

This case hinges on the effect of the various amendments to and eventual repeal of INA § 212(c). Two statutes are particularly relevant to this case: (1) the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, and (2) the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), which took effect in relevant part on April 1, 1997. In *Garcia-Echaverria v. United States*, 376 F.3d 507, 515 n.9 (6th Cir. 2004), this court summarized the complex history of these statutes as follows:

> Prior to the enactment of the AEDPA, § 212(c) of the INA (codified at 8 U.S.C. § 1182(c) (1995)) allowed the Attorney General to exercise his discretion and waive the deportation of a lawful permanent resident alien, meeting certain requirements, who was excludable by reason of having committed an "aggravated felony," except the Attorney General had no discretion to admit:
>
> > an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.
>
> 8 U.S.C. § 1182(c) (1995); [*INS v.*] *St. Cyr*, 533 U.S. [289,] [] 294-95 [(2001)] (explaining that although § 212(c) on its face only applies to exclusion proceedings, it had been interpreted as allowing lawful permanent residents to seek a waiver of deportation). . . . An alien convicted of [an aggravated felony], however, would have remained eligible for discretionary waiver of deportation if he had served less than five years of imprisonment. 8 U.S.C. § 1182(c) (1995).
>
> Section 440(d) of the AEDPA narrowed the Attorney General's discretion, prohibiting the Attorney General from waiving the deportation of a lawful permanent resident, who was excludable by reasons of having committed "any criminal offense covered in section 241(a)(2)(A)(iii) ["aggravated felony"], (B) [controlled substance conviction]," etc., regardless of whether he had served five years of imprisonment. AEDPA, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214 (1996); 8 U.S.C. § 1227(a)(2)(A)(iii) and (B).
>
> Section 304 of the IIRIRA repealed § 212(c) of the INA and replaced it with 8 U.S.C. § 1229b, which prohibits the Attorney General from

cancelling the removal of an alien who has ever "been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3); IIRIRA, Pub. L. No. 104-208, § 304(a)-(b), 110 Stat. 3009 (1996). With some exceptions . . . , this provision did not become effective until April 1, 1997, and by its terms applied to removal proceedings that commenced on or after that date. *Id.* at § 309(a).

Despite the seemingly complete repeal of § 212(c) relief effected by IIRIRA, the Supreme Court determined in *INS v. St. Cyr*, 533 U.S. 289 (2001), that § 212(c) relief remains available for a certain group of aliens. The Ninth Circuit explained the effect of *St. Cyr* and provided the following summary of the most recent developments in § 212(c)'s history in *Abebe v. Gonzales*, 493 F.3d 1092, 1100 (9th Cir. 2007):

> [I]n 2001 the Supreme Court decided that § 212(c) relief remains available for aliens who pled guilty prior to AEDPA and/or IIRIRA and who "would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. In August 2002, the Department of Justice ("DOJ") published proposed amendments to its regulations that were meant to codify the requirements for former § 212(c) relief in the wake of AEDPA, IIRIRA, and *St. Cyr*. 67 Fed. Reg. 52627 (August 13, 2002). The DOJ noted that, among other things, "an applicant must, at a minimum meet the criteria . . . [that he] is deportable or removable on a ground that has a corresponding ground of exclusion or inadmissibility." *Id.* at 52628-29. The final rule was published on September 28, 2004. 8 C.F.R. § 1212.3(f)(5).

Section 1212.3(f)(5) of the DOJ regulations is called the "statutory-counterpart" or "comparable-ground" rule and is designed to ensure consistency between the invocation of § 212(c) in the deportation/removal context (for which such relief was not initially intended) and its invocation in the exclusion/inadmissible context (for which such relief was initially intended). *Cf. Matter of Wadud*, 19 I&N Dec. 182, 184 (BIA 1984) ("Although [§ 212 of the INA] . . . has been interpreted to include availability for relief in deportation proceedings as well[,] . . . the Board has consistently held that section 212(c) can only be invoked in a deportation hearing where the ground of deportation charged is also a ground of inadmissibility."). In its current form, the statutory-counterpart rule is the last of five independent grounds set forth in 8 C.F.R. 1212.3(f) that can result in the denial of an alien's application for a waiver of inadmissibility. The text of the regulation reads, in relevant part, as follows:

> An application for relief under former section 212(c) of the Act shall be denied if:
>
> > (1) The alien has not been lawfully admitted for permanent residence;
> >
> > (2) The alien has not maintained lawful domicile in the United States, as either a lawful permanent resident or a lawful temporary resident . . . for at least seven consecutive years immediately preceding the filing of the application;
> >
> > (3) The alien is subject to inadmissibility or exclusion from the United States under paragraphs

(3)(A), (3)(B), (3)(C), (3)(E), or (10)(C) of section 212(a) of the Act;

(4)  The alien has been charged and found to be deportable or removable on the basis of a crime that is an aggravated felony . . . ; or

(5)  The alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act.

8 C.F.R. § 1212.3(f) (2006).

## B.    Procedural background

As an initial matter, the IJ determined that Morgan satisfied the first two requirements for § 212(c) eligibility set forth in 8 C.F.R. § 1212.3(f): He was a lawful permanent resident and had maintained a lawful domicile in the United States for at least seven consecutive years before he applied for § 212(c) relief.  8 C.F.R. § 1212.3(f)(1), (2).  The IJ's primary rationale for nonetheless finding Morgan ineligible was that, "[a]t the time of his plea, Respondent's conviction [in Ohio for aggravated assault] was not a deportable offense."  The IJ reasoned that, "[w]ithout a deportable offense, Respondent did not need, and was not eligible for, 212(c) relief."  In other words, "Respondent did not have any expectations of relief" at the time that he pled guilty.  The IJ then cited the Supreme Court's decision in *St. Cyr* for the proposition that, "[s]ince 212(c) relief was not available at the time of Morgan's plea, he cannot seek 212(c) relief now."

Morgan appealed the IJ's decision to the BIA, arguing that the IJ erred in reasoning that "his crime was not defined as an aggravated felony/crime of violence at the time of his guilty plea, and therefore he could not have pled guilty upon reliance of 212(c) availability."  The BIA rejected Morgan's appeal on two separate grounds.  First, the BIA noted that, "[s]ince the issuance of the Immigration Judge's decision, the Board has held that an alien convicted of an aggravated felony/crime of violence is not eligible for [relief under] section 212(c) of the Act because this ground of removability does not have a statutory counterpart in section 212(a) of the Act." (Citing *Matter of Brieva*, 23 I&N Dec. 766 (BIA 2005), and *Matter of Blake*, 23 I&N Dec. 722 (BIA 2005)).  The BIA also held that "[Morgan] is . . . precluded from 212(c) eligibility because he pled guilty to his aggravated felony crime . . . after the April 24, 1996, effective date of § 440(d) of [AEDPA]." (Citing 8 C.F.R. § 1212.3(h)(2) (2005)).  Morgan timely appeals the BIA's decision.

## II.  ANALYSIS

## A.    Standard of review

Where, as here, the BIA reviewed the IJ's decision de novo and issued its own separate opinion, we review the BIA's opinion as the final agency determination.  *See Grijalva v. Gonzales*, 212 F. App'x 541, 547 (6th Cir. 2007) (citing *Zaitona v. INS*, 9 F.3d 432, 434 (6th Cir. 1993)).  "The question whether an alien's conviction renders him removable is a non-discretionary, purely legal question; the Courts of Appeal ordinarily must review such questions *de novo*."  *Sansui v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007) (brackets and ellipsis omitted).  In contrast, we grant substantial deference to the BIA's interpretation of the INA and accompanying regulations.  *Sad v. INS*, 246 F.3d 811, 814 (6th Cir. 2001).  The BIA's interpretation of the statute and regulations will be upheld unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute."  *Id.* at 815.

**B.          AEDPA's "absolute bar" to § 212(c) relief**

The record shows that Morgan's guilty plea was entered on June 4, 1996.  This fact brings his case within the scope of 8 C.F.R. § 1212.3(h)(2), which provides as follows:

> Pleas between April 24, 1996 and April 1, 1997.  Regardless of whether an alien is in exclusion, deportation, or removal proceedings, an eligible alien may apply for relief under former section 212(c) of the Act, *as amended by section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996*, with respect to a conviction if the alien pleaded guilty or nolo contendere and the alien's plea agreement was made on or after April 24, 1996, and before April 1, 1997.

(Emphasis added.)  Section 440(d) of AEDPA, as noted in Part I.A. above, retained the pre-existing absolute bar to § 212(c) relief for aliens who are convicted of an "aggravated felony."  *See* Pub. L. No. 104-132, § 440(d), 110 Stat. 1227; *St. Cyr*, 533 U.S. at 297 (explaining the history of the amendments to the INA, beginning in 1990, that reduced the class of aliens eligible for § 212(c) discretionary relief).

At the time of Morgan's post-AEDPA guilty plea in June of 1996, an "aggravated felony" was defined as "a crime of violence . . . for which the term of imprisonment imposed . . . is at least 5 years."  8 U.S.C. § 1101(a)(43)(F) (1996).  Morgan's conviction for aggravated assault was not then classified as an "aggravated felony" because it was a crime of violence for which he received a sentence of only 18 months.  On April 1, 1997, however, IIRIRA took effect and redefined the term "aggravated felony" to include "a crime of violence . . . for which the term of imprisonment [is] at least one year."  IIRIRA § 321(a)(3), 8 U.S.C. § 1101(a)(43)(F) (1997) (footnote omitted); *see also St. Cyr*, 533 U.S. at 295-96 n.4 (explaining that the designation "aggravated felony" is a "term [that] includes any 'crime of violence' resulting in a prison sentence of at least one year (as opposed to five years pre-IIRIRA)").

The question, therefore, is whether IIRIRA § 321 is retroactive to the time of Morgan's plea.  If it is retroactive, then AEDPA would render Morgan ineligible for INA § 212(c) relief.  *See United States v. Velasco-Medina*, 305 F.3d 839, 850 (9th Cir. 2002) (holding that § 440(d) of AEDPA barred Velasco-Medina, who had pled guilty after AEDPA's, but before IIRIRA's, effective date, from obtaining § 212(c) relief because IIRIRA § 321 retroactively reclassified his burglary conviction as an aggravated felony).  As noted in Part I.A. above, 8 C.F.R. § 1212.3 was promulgated for the purpose of codifying the requirements for § 212(c) relief in light of AEDPA, IIRIRA, and *St. Cyr*.  The history of 8 C.F.R. § 1212.3 shows that the retroactive effect of IIRIRA § 321 was explicitly contemplated:

> [I]f an alien pleaded guilty to a crime *before* the enactment of IIRIRA, and his or her crime became an aggravated felony *after* the enactment date of IIRIRA, the alien could be charged as an aggravated felon and be ineligible for section 212(c) relief.

67 Fed. Reg. 52,627, 52,630 (Aug. 13, 2002) (emphasis added).

We find puzzling Morgan's citation of *St. Cyr* to support his argument of nonretroactivity because the Supreme Court in *St. Cyr* specifically singled out § 321 as one of the sections demonstrating "Congress' willingness . . . to indicate unambiguously its intention to apply specific provisions retroactively."  533 U.S. at 318-19 (explicitly noting that "IIRIRA's amendment of the definition of 'aggravated felony,' for example, clearly states that it applies with respect to

'conviction[s] . . . entered before, on, or after' the statute's enactment date" (quoting IIRIRA § 321(b))).

To be sure, *St. Cyr* held that *another* section of IIRIRA—§ 304(b), which amended § 212(c) by narrowing the category of aliens eligible for cancellation of removal—had an impermissible retroactive effect on aliens who had entered a plea prior to IIRIRA's April 1, 1997 effective date. *Id.* at 321. *St. Cyr*'s holding that § 304(b) cannot be retroactively applied derived directly from the Court's earlier determination that "nothing in IIRIRA unmistakably indicat[es] that Congress considered the question of whether to apply its repeal of § 212(c) retroactively to such aliens." *Id.* at 326. Section 304(b) of IIRIRA, in other words, failed to rebut the "presumption against retroactive application of ambiguous statutory provisions" under the governing retroactivity analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *St. Cyr*, 533 U.S. at 320; *see also id*. at 316-24.

With respect to § 321, however, *St. Cyr* held—in contrast to § 304(b)—that no such ambiguity exists. *See id.* at 318-19, 319 n.43 (noting that § 321(b) of IIRIRA, among other sections, meets the *Landgraf* test for unambiguous intent because § 321(b) "clearly states that it applies with respect to convictions entered before, on, or after the statute's enactment date" (quotation marks and ellipsis omitted)). This court, moreover, recognized in *Tran v. Gonzales*, 447 F.3d 937, 941 (6th Cir. 2006), that § 321(b) of IIRIRA, according to the analysis in *St. Cyr*, applies to "convictions entered before the law's enactment."

Based on the foregoing, § 321 of IIRIRA applies retroactively to Morgan's plea of guilty to aggravated assault in June of 1996 and, as a result, rendered it an aggravated-felony conviction for immigration purposes, effective as of the date of his plea. Morgan was therefore not eligible for § 212(c) relief because under § 440(d) of AEDPA, in effect since April of that year, any aggravated-felony conviction is an automatic bar to such relief. *See Elia v. Gonzales*, 431 F.3d 268, 273 n.6 (6th Cir. 2005) ("AEDPA eliminated § 212(c) relief for all aggravated felons . . . .").

This court recently explained that "*St. Cyr* aids only those aliens whose 'convictions were obtained through plea agreements and who, notwithstanding those convictions, *would have been eligible for [§ 212(c) relief] at the time of their plea under the law then in effect*.'" *Garcia-Echaverria*, 376 F.3d at 516 (quoting *St. Cyr*, 533 U.S. at 326) (emphasis in original). We therefore reject Morgan's claim on the same basis we articulated in *Garcia-Echaverria*—namely, that "[a]lthough [Morgan] was convicted pursuant to a guilty plea prior to the effective date of the IIRIRA, he could not have pleaded guilty in reliance on his ability to obtain [a § 212(c) waiver of inadmissibility] because under the AEDPA he was not eligible for relief at the time he pleaded guilty." *Id*.

Morgan's case is arguably distinguishable from *Garcia-Echaverria* because Garcia-Echaverria's conviction was already classified as an aggravated felony at the time that he entered his post-AEDPA plea, but such a distinction does not change the outcome. Morgan would not prevail even if we were to read the terms "under the law then in effect" more literally. Although IIRIRA was not yet in effect when Morgan pled guilty in June of 1996, AEDPA was. *St. Cyr*, moreover, counsels that "alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." 533 U.S. at 322. Accordingly, Morgan "would have realized that if his conviction were recharacterized as an aggravated felony (as, in fact, it was by IIRIRA), he would have, under AEDPA, been ineligible for discretionary relief under § 212(c)." *Velasco-Medina*, 305 F.3d at 850. Morgan's citations to *St. Cyr* and *Thaqi v. Jenifer*, 377 F.3d 500 (6th Cir. 2004), in which the petitioners had pled guilty *before* AEDPA's effective date, are therefore misplaced.

Even assuming that Morgan would have had no reason to anticipate the reclassification of his conviction, he could not have relied on the prospect of § 212(c) eligibility for another, more fundamental reason: He was not deportable at the time that he pled guilty because his offense was not yet classified as an aggravated felony. In other words, even if the aggravated-felony provision of IIRIRA were not retroactive, Morgan would still lose because his conviction for aggravated assault would remain a nonaggravated felony. Only aggravated felonies constituted deportable offenses under § 212(c), so Morgan would have had no basis to seek a waiver under that subsection.

Such reliance-based claims have been consistently rejected by other federal circuit courts for precisely this commonsense reason. *See, e.g.*, *Blake v. Carbone*, 489 F.3d 88, 99 n.8 (2d Cir. 2007) (calling such a claim "curious," because "[t]o say [the petitioners] relied on the law in effect at the time of their guilty plea is illogical; neither would have been deportable at the time of their plea, making it impossible for them to even think they would need a § 212(c) waiver to stay in the country"); *Velasco-Medina*, 305 F.3d at 849 (noting that, unlike St. Cyr, Velasco-Medina "was never eligible for discretionary relief under § 212(c) because his guilty plea did not render him deportable," and he therefore "could not have developed the sort of settled expectations concerning § 212(c) relief that informed St. Cyr's plea bargain and that animated the *St. Cyr* decision").

## C.      Statutory-counterpart rule

Morgan also argues that he is eligible for § 212(c) relief because, in addition to "satisf[ying] the first two prongs of eligibility," his aggravated-assault conviction (categorized as a "crime-of-violence aggravated felony" under former INA § 241(a)(2)) has a statutory-counterpart ground of exclusion in 8 U.S.C. § 1182(a)(2)(A)(i)(I) (crimes involving moral turpitude). *See* 8 C.F.R. § 1212.3(f)(5) (providing that an alien's § 212(c) application "shall be denied" if he is "deportable under former section 241 of the Act . . . on a ground which does not have a statutory counterpart [of exclusion or inadmissibility] in section 212 of the Act"). Because we hold that Morgan had no expectation of § 212(c) relief at the time he pled guilty for the reasons discussed above, we have no reason to decide whether Morgan's conviction has a statutory counterpart in § 212(a). *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (reiterating that federal courts have "neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them") (quotation marks omitted)).

As the government correctly notes in its brief, this issue would be before us only if "[Morgan's] plea and conviction had occurred prior to AEDPA's elimination of 212(c) relief for aliens convicted of aggravated felonies." *See* 8 C.F.R. § 1212.3(f)(4)(i), (f)(4)(ii), (h) (providing for continuing § 212(c) eligibility where an alien's aggravated-felony guilty plea occurred prior to April 24, 1996 (the effective date of AEDPA)). That, however, is not this case.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the BIA.