**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0393n.06

No. 09-4380

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jun 10, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ISSA LY, | ) | |
| | ) | |
| **Petitioner,** | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney | ) | |
| General, | ) | **O P I N I O N** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Before:  DAUGHTREY, MOORE, and STRANCH, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Issa Ly, a native and citizen of Mauritania, petitions for review of an order of the Board of Immigration Appeals ("BIA").  In his brief, Ly fails to challenge the Immigration Judge's ("IJ") discretionary grounds for denying asylum and the BIA's decision to affirm the denial of asylum on this basis.  Accordingly, we deem the issue waived, and the discretionary ground for denying Ly asylum stands.  He has also waived challenge to the BIA's denial of his applications for withholding of removal and protection under the Convention Against Torture ("CAT") by not presenting any argument in his brief with respect to these claims.  Because Ly has waived challenge to dispositive determinations by the IJ and BIA, we **DENY** his petition for review.

## I. BACKGROUND

Ly is a member of the Fulani ethnic group. In 1992, he and his family began experiencing problems with the local police. Twice, Mauritanian authorities came to their family farm and beat him and his father. After the first incident, the police set fire to the farm. After the second incident, Ly and his father were taken to a camp where they were severely mistreated. Ly was held for about two weeks and then forced to cross the river into Senegal. He stayed in a refugee camp for one week before fleeing to the city of Dakar where he remained for about eight years.

In October 2000, Ly left Senegal and arrived in the United States, using a false passport. Ly filed applications for asylum, withholding of removal, and protection under CAT on February 7, 2001, and an amended application for relief on March 8, 2002. On August 11, 2001, the government issued a Notice to Appear, charging Ly with entering the United States without a valid visa or passport, which rendered him removable under 8 U.S.C. § 1227(a)(1)(A). Ly admitted the factual charges against him and conceded removability before an immigration judge.

At his merits hearing, Ly testified in support of his applications for relief and submitted to the IJ supporting documentation, including country reports and letters from his father. In an oral decision issued on January 23, 2008, the IJ found Ly not to be a fully credible witness due to discrepancies between Ly's testimony and written applications. In particular, the IJ found that Ly omitted from his written applications significant instances of past mistreatment that he described in his oral testimony and that were central to his claims. Corroborating evidence submitted by Ly was

deemed insufficient on its own to overcome the lack of credible testimony. Consequently, the IJ found that Ly failed to meet his burden of establishing past persecution.

The IJ further found that even if Ly had established past persecution, which would give rise to a presumption of well-founded fear, the government had effectively rebutted the presumption. Pointing to changes in the Mauritanian government and the repatriation of refugees, the IJ found that conditions in Mauritania had changed to such an extent that Ly no longer had a well-founded fear of persecution if he were removed to Mauritania.

In the alternative, the IJ issued a discretionary denial of asylum. The IJ determined that, even if Ly were otherwise eligible for asylum, discretionary relief was not warranted because Ly had obtained a safe haven in Senegal before coming to the United States. Despite being safe from persecution in Senegal for approximately eight years, Ly obtained a fraudulent passport and entered the United States illegally. In light of these circumstances, the IJ concluded that Ly did not merit a favorable exercise of discretion.

Because he failed to show eligibility for asylum, Ly failed to meet the higher burden for withholding of removal. The IJ also found that Ly failed to meet the standard for CAT relief. Upon denying Ly's applications for asylum, withholding of removal, and protection under CAT, the IJ ordered Ly removed to Mauritania.

Ly appealed to the BIA. On October 13, 2009, the BIA issued a separate opinion affirming the IJ's findings and dismissing the appeal. Because Ly had not meaningfully challenged the denial of his withholding of removal and CAT claims, the BIA deemed those claims waived. The BIA

noted that Ly also failed to challenge the IJ's general discretionary denial of asylum and deemed the issue waived. The BIA found that the discretionary ground provided an independent basis to affirm the denial of asylum. In the alternative, the BIA affirmed the IJ's adverse credibility finding, and found that the corroborative evidence failed to overcome material omissions in Ly's application. The BIA therefore concluded that Ly had not met his burden of establishing past persecution. The BIA also affirmed the IJ's alternative determination that, even had Ly established past persecution, the government had effectively rebutted the presumption of well-founded fear. Ly timely petitioned this court for review of the BIA's order.

## II. ANALYSIS

When the BIA reviews the IJ's decision de novo and issues a separate opinion, this court reviews the BIA's decision as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). To the extent that the BIA adopted the IJ's reasoning, however, we review the IJ's decision as well. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

"The disposition of an application for asylum involves a two-step inquiry: (1) whether the applicant qualifies as a 'refugee' as defined in 8 U.S.C. § 1101(a)(42)(A), and (2) whether the applicant 'merits a favorable exercise of discretion by the Attorney General.'" *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005) (quoting *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994)); *see* 8 C.F.R. 1208.14(a). In his petition to this court, Ly challenges the BIA's determination that he does not qualify as a refugee. He argues that the BIA erred in affirming the IJ's adverse credibility finding, past persecution finding, and determination that the government rebutted well-founded fear.

4

Ly fails, however, to challenge the adverse determination at the second step, that he does not merit a favorable exercise of discretion. Nowhere in his brief does Ly challenge the IJ's discretionary denial of asylum or the BIA's finding of waiver. By failing to raise any such issue in his petition to this court, Ly waives objection to the BIA's denial of his asylum application on the basis of the IJ's discretionary determination. *See Bi Feng Liu v. Holder*, 560 F.3d 485, 489 n.4 (6th Cir. 2009) ("[A]n issue that is not raised in a party's briefs may generally be deemed waived.").

A discretionary denial, by itself, may constitute an adequate and independent basis for the BIA's denial of asylum. *See, e.g.*, *Kouljinski v. Keisler*, 505 F.3d 534, 541-43 (6th Cir. 2007). The failure to raise the issue before this court is therefore dispositive of Ly's asylum claim.[1] *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155 (6th Cir. 2010) ("[I]n order to preserve the agency's dispositive conclusion for appellate review, [petitioners] were . . . under an obligation to challenge the adverse determination on some ground."); *Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006) (denying review of asylum claim because petitioner did not challenge discretionary ground for denying asylum). Accordingly, we do not reach Ly's arguments with respect to the BIA's other grounds for denying asylum. Nor do we reach the government's jurisdictional arguments. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted).

---

[1]We express no opinion on the merits of the discretionary denial in this case.

Ly also asserts in passing that the BIA erred in denying his claims for withholding of removal and protection under CAT, but makes no argument with respect to these grounds in his brief. Relief on those grounds is therefore waived. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005) (holding that withholding of removal and CAT claims not developed in brief were waived on appeal).

### III. CONCLUSION

Because Ly has waived challenge to dispositive determinations by the IJ and BIA, we **DENY** his petition for review.