**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0455n.06

**Case No. 09-4388**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 06, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RAUL CASTELLANOS-SALAZAR, | ) | |
| | ) | |
| Petitioner, | ) | PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, Jr.,U.S. Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  BATCHELDER, Chief Judge; CLAY and SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Chief Judge.**  Raul Castellanos-Salazar, a native and citizen of Guatemala, seeks review of the decision by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ's) denial of his application for asylum.[1]  We DENY the petition.

From June 2000 until late 2004, Castellanos-Salazar was a member of a national labor federation in Guatemala, the "Trade Workers Union of Guatemala" ("UNSITRAGUA" or "Union Sindical de Trabajadores de Guatemala"), for which he wrote and distributed fliers advocating workers' rights.  Shortly after beginning this job, he began to receive telephone calls at the office — all from the same, unknown person — threatening to harm or kill him if he did not stop distributing

---

[1] In his initial filings with the immigration court, Castellanos-Salazar moved for relief from removal on the bases of asylum, withholding of removal under the INA, and protection under the Convention Against Torture.  The immigration court denied all three bases, Castellanos-Salazar appealed all three denials to the Board, and the Board affirmed the denial of all three.  On appeal to this court, Castellanos-Salazar challenges only the denial of his application for asylum.  *See* Reply Brief for the Petitioner at 1 ("Mr. Castellanos concedes [that he] has not raised as issues on appeal past persecution or that he is eligible for withholding or protection under the Convention Against Torture.").

the fliers/pamphlets. Castellanos-Salazar claims multiple such calls each day for the duration of his employment.

Castellanos-Salazar testified that he did not know who made the calls or where the calls were coming from, but suspected that the calls came from someone in the army because the caller used a "command voice." Castellanos-Salazar informed the public ministry and the archbishop's office about these calls but does not believe that they investigated. No threat was ever carried out against Castellanos-Salazar; he was never confronted in person or harmed in any way. But, due to the fear instilled by the threatening telephone calls, Castellanos-Salazar fled to the United States in early 2005. He testified that he does not believe he could now be safe anywhere in Guatemala.

Following his removal hearing, the IJ found Castellanos-Salazar "not to be a fully credible witness." The IJ cited three reasons for this finding: (1) Castellanos-Salazar told the Border Patrol Agent at the time of his arrest that he had come to the United States to work and had no fear of returning to Guatemala; (2) Castellanos-Salazar testified at the hearing that he received two or three threatening calls per day, but in his earlier written statement he asserted eight to ten calls per day; and (3) Castellanos-Salazar testified at the hearing that he reported the threats "every so often," but in his earlier written statement he said he reported them about "twice a month." The IJ concluded that these discrepancies and inconsistencies "go to the heart of his claim" because they "concern the very reason he said he came to the United States."

The IJ also determined that Castellanos-Salazar could not prove past persecution because he had suffered no physical harm. In fact, it appeared that no attempt was ever made to carry out any of the threats. The IJ determined that Castellanos-Salazar could not prove an objectively reasonable

2

fear of future persecution because he was never actually harmed or even faced with harm despite receiving two to ten threatening calls per day for a period of four or five years. The IJ classified these threatening phone calls as "systematic harassment but not persecution."

When the IJ denied his application, Castellanos-Salazar appealed to the BIA. The BIA found that "the principal shortcomings and inconsistencies cited by the Immigration Judge are present in the record, are substantial and go to the heart of the respondent's claim, and have not been adequately explained by the respondent." Moreover, the BIA agreed that Castellanos-Salazar could not show past persecution or that the threatening calls were "from persons the government of Guatemala is unwilling or unable to control." Therefore, even if Castellanos-Salazar were credible, the BIA concluded that he could not satisfy the burden of proving himself eligible for asylum.

Castellanos-Salazar appealed to this court, arguing that the IJ and BIA erred by finding him not credible and by holding that he had failed to prove a well-founded fear of future persecution. Castellanos-Salazar argues that the discrepancies and inconsistencies in his testimony were immaterial, attributable to nervousness or misunderstanding of the questions, or possibly due to the interpreter. He contends that his hearing testimony was credible and, when coupled with the testimony of his expert witness (an expert on current conditions in Guatemala), establishes an objectively reasonable, well-founded fear of future persecution sufficient to warrant asylum.

When the BIA issues its own opinion, we review the BIA's decision as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). We review questions of law *de novo*, granting substantial deference the BIA's interpretation of the statute and applicable regulations; we review findings of fact to ensure that they are "supported by reasonable, substantial,

3

and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Under the substantial-evidence standard, we may not reverse simply because we would have decided differently. *Gishta v. Gonzales*, 404 F.3d 972, 978 (6th Cir. 2005). Rather, "administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (emphasis added).

"The disposition of an application for asylum involves a two-step inquiry: (1) whether the applicant qualifies as a refugee as defined in 8 U.S.C. § 1101(a)(42)(A), and (2) whether the applicant merits a favorable exercise of discretion by the Attorney General." *Kouljinski v. Keisler*, 505 F.3d 534, 541 (6th Cir. 2007) (quotation marks omitted). "[T]o qualify as a refugee," the applicant must establish "that he or she has suffered past persecution on the basis of race, religion, nationality, social group, or political opinion; or . . . show[] that he or she has a well-founded fear of [future] persecution on one of those same bases." *Id*.; *see also* 8 C.F.R. § 1208.13(b). If eligible, the applicant still bears the "burden of establishing that the favorable exercise of discretion is warranted." *Kouljinski*, 505 F.3d at 542 (quotation marks omitted).

"Persecution entails punishment or the infliction of suffering or harm, but harassment or discrimination without more does not rise to the level of persecution." *Sako v. Gonzales*, 434 F.3d 857, 862 (6th Cir. 2006) (quotation marks omitted). "[A]n applicant cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (quotation marks omitted). Fear of future persecution must be both subjectively genuine and objectively reasonable. *Id*.; *see also* 8 C.F.R. § 1208.13(b)(1)(i).

In the present case, Castellanos-Salazar describes circumstances in which a caller threatened him numerous times a day for a period of four to five years, but during all that time never took any action in fulfillment of those threats. We find no error in the IJ's and BIA's decisions that the harassment does not demonstrate a real threat of persecution and, therefore, Castellanos-Salazar cannot establish an objectively reasonable, well-founded fear of future persecution.

We **DENY** the petition for review.