**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0489n.06

No. 13-4235

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 07, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SUBODH PRATAPRAY RAO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
|     Respondent. | ) |

BEFORE: COLE, ROGERS, and ALARCÓN, Circuit Judges.[*]

PER CURIAM. Subodh Pratapray Rao, a citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of a decision by an immigration judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Rao was born in India in 1958. He came to this country in 2006, leaving behind his wife and children, and overstayed his visa. He applied for the above relief on the basis that he would be persecuted by Muslims in India because of his membership in Hindu political parties. At his merits hearing, Rao testified that he gave a speech in 2002, after a terrorist attack by Muslims on a train carrying Hindus, that was followed by riots in which Muslims were injured and killed. A Muslim leader then ordered his followers to exact revenge against Rao. In 2004, a Muslim mob burned down his house. Rao also testified that he was attacked by a Muslim mob on either one

---

[*]The Honorable Arthur L. Alarcón, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

or two occasions, that the police either broke up the attacks or that he escaped, and that he was beaten in the first attack and stabbed on the second occasion. The IJ concluded that Rao was barred from relief because he participated in persecution on the occasion of his 2002 speech. The IJ alternatively found that Rao had not established past persecution or a well-founded fear of future persecution. On appeal, the BIA remanded the case for the IJ to expand on its findings and address issues regarding the reliability of certain exhibits. On remand, the IJ came to the same conclusions. The BIA dismissed Rao's ensuing appeal, agreeing that Rao's claim failed on the merits, and declining to reach the issue of whether he was barred from relief by having participated in persecution.

Where the BIA issues a separate opinion, we review its decision as the final agency action. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). We also review the IJ's decision to the extent it is adopted by the BIA. *Patel v. Gonzales*, 470 F.3d 216, 218 (6th Cir. 2006). Therefore, we do not reach Rao's argument that he did not participate in persecution, because the BIA dismissed his appeal based on the merits of his claims.

We will grant a petition for review in a case denying an application for asylum only where the evidence is so compelling that no reasonable factfinder could fail to find the requisite past persecution or well-founded fear of future persecution. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). The persecution must be by the government or a group the government is unwilling or unable to control. *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). Here, the record does not compel a finding of past persecution. The IJ reasonably concluded that the mob attack on Rao's home was an isolated incident, and Rao testified that the police responded and stopped the attack. The IJ found that Rao was not credible in testifying about the other alleged attacks on him, because he changed his testimony from one attack to two, was not consistent

about whether the attacks were broken up by police or whether he escaped on his own, had never mentioned being stabbed prior to his testimony, and had no corroboration of either incident. This evidence does not compel a conclusion that Rao's testimony on this issue was credible. *See Hassan v. Gonzales*, 403 F.3d 429, 434 (6th Cir. 2005). The record also does not compel a finding of a well-founded fear of future persecution based on Rao's political activities more than a decade ago, that the government would be unable or unwilling to protect him, or that any persecution was likely throughout India.

Because Rao did not establish eligibility for asylum, he necessarily cannot meet the higher burden of qualifying for withholding of removal. *See Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). And he presents no evidence that it is more likely than not that he will be tortured by or with the acquiescence of the government in all areas of India; thus, he is not eligible for protection under the CAT. *See Ali v. Reno*, 237 F.3d 591, 596–97 (6th Cir. 2001).

For these reasons, we deny Rao's petition for review.