NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0311n.06

Case No. 18-3721

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jun 19, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SUSANA NOEMI LOPEZ-ARIAS; KELLY BERENICE MOLINA-LOPEZ; TANNIA MARCELA MOLINA-LOPEZ; MARTA ALICIA LOPEZ DE BORJA; MASSIEL BORJA-LOPEZ, | ) ) ) ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| WILLIAM P. BARR, Attorney General, | ) ) | |
| Respondent. | ) ) | |

BEFORE: SUTTON, BUSH, and LARSEN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Susana Lopez-Arias, Kelly Molina-Lopez, Tannia Molina-Lopez, Marta Lopez de Borja, and Massiel Borja-Lopez (collectively "Petitioners" or "the Lopez Family")[1] petition for review the order of the Board of Immigration Appeals ("Board" or "BIA") denying their applications for asylum and withholding of removal. Because the Board committed no error of law and its determination is supported by substantial evidence in the administrative record, we **DENY** the petition for review.

---

[1] Petitioners refer to themselves by their first names when referring to facts unique to each person, and so we will do the same.

## I. BACKGROUND

The Lopez Family are citizens and nationals of El Salvador and arrived in the United States at various times: Tannia, on September 25, 2015; and Susana, Kelly, Marta, and Massiel, on May 2, 2016. Shortly after arrival, each was placed in removal proceedings with the Department of Homeland of Security ("DHS"). The DHS charged Susana, Kelly, Marta, and Massiel with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and charged Tannia with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioners conceded their respective removal charges and subsequently filed an application for asylum, for withholding of removal, and for withholding of removal under the Convention Against Torture ("CAT").

The immigration judge ("IJ") heard testimony and received evidence on April 13, 2017, and on June 28, 2017, issued an order denying Petitioners their requested relief. Petitioners sought asylum and withholding of removal "based on their membership in a particular social group, defined as 'members of the Lopez-Arias Family in El Salvador.'" A.R. at 99. According to Petitioners, they were persecuted by a local gang in El Salvador, Barrio 18, after the family opened a local seafood restaurant. Members of Barrio 18 demanded money and free meals, and would make death threats if the Lopez Family did not comply with their demands. The gang made it clear that they knew where the family lived and their daily schedules. Tannia tried reporting these threats to the local police, but she was told not to expect much of a response. After these threats continued for some time, the family sold the restaurant, and Tannia went to the United States in the early fall of 2015. Susana, Kelly, Marta, and Massiel, however, remained in El Salvador.

Even though the family sold the restaurant, the threats did not cease. Members of the gang MS-13 threatened the remaining members of the Lopez Family in belief that the family could receive money from their relatives in the United States. As an example, Susana was told to pay

"$700.00 in exchange for her life and the lives of her sister and their children." A.R. at 99. After the Lopez Family was unable to pay, MS-13 then expanded their threats by contacting a brother of Petitioners living in the United States and sending him photos of his nieces and nephews in El Salvador. No member of the family reported the MS-13 threats to the El Salvadoran police, and in early March 2016, they left El Salvador to journey to the United States.

Upon review of the evidence, the IJ concluded that Petitioners were not entitled to asylum because the threats and extortion demands did not amount to persecution, there was no evidence of a nexus between their claimed social group and the harm they feared, Petitioners did not demonstrate that the El Salvadoran government was unable or unwilling to control Barrio 18 or MS-13, and Petitioners did not meet their burden to show that there is a pattern or practice of persecution in El Salvador against their claimed social group. The IJ further held that Petitioners were not entitled to withholding of removal because they failed to demonstrate a well-founded fear of persecution based on a protected ground and that Petitioners were not entitled to relief under the CAT because they did not show it was more likely than not that the El Salvadoran government would ignore or acquiesce to torture.

Petitioners appealed the IJ's determination, and on July 3, 2018, the Board affirmed the IJ's judgment. The Board concluded that the IJ "permissibly determined that the harm the respondents suffered and fear lacks a nexus to their claimed particular social group," even assuming "that it was (or will be) severe enough to qualify as 'persecution.'" A.R. at 5. The Board found "no clear error" in the determination that the Lopez Family's identity "was at most incidental or tangential to the 'central reason' that motivated the criminals to extort and threaten them, i.e., their perceived wealth, either as business owners or as relatives of persons visiting from the United States." *Id.* Because the nexus determination was fatal to Petitioners' request for asylum, the

Board also concluded that it was fatal to Petitioners' request for withholding of removal. And lastly, regarding Petitioners' application for relief under the CAT, the Board concluded that Petitioners forfeited their challenge to that aspect of the IJ's decision.

This timely petition followed.

## II. DISCUSSION

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citation omitted). "To the extent the BIA adopted the immigration judge's reasoning, however, [we] also review[] the immigration judge's decision." *Id.* (citation omitted). We review questions of law de novo, "but substantial deference is given to the BIA's interpretation of the [Immigration and Nationality Act] and accompanying regulations." *Id.* (citing *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)). The IJ's and the Board's factual findings, by contrast, are reviewed under the substantial evidence standard. *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). Thus, the IJ's and the Board's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To be eligible for asylum, the applicant bears the burden of proof to show that she is a "refugee." 8 U.S.C. § 1158(b)(1)(B)(i). To qualify as a refugee under the statute, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.*; *accord Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). The "motivation of the persecutors involves questions of fact," and we review those determinations under the substantial

evidence standard. *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007); *see also Lin v. Holder*, 565 F.3d 971, 977–78 (6th Cir. 2009).

Asylum applicants who establish that their "persecutors were motivated by more than one reason" are also protected under the act provided "they can show a nexus to a protected ground" and the motivation was or will be a central reason for the persecution. *In re J-B-N- & S-M-*, 24 I. & N. Dec. at 213; *see also Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009). In other words, even though a persecutor might be motivated by the applicant's claimed social group, that motivation "cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- & S-M-*, 24 I. & N. Dec. at 214. Indeed, an applicant is not entitled to relief under the asylum statute where "the protected ground [played] a minor role in the alien's past mistreatment or fears of future mistreatment." *Id.*; *see also Bentacourt-Aplicano v. Sessions*, 747 F. App'x 279, 284 (6th Cir. 2018).

Petitioners argue that the Board "should have analyzed this matter as one involving mixed motives." Pet'rs Br. at 15. According to Petitioners, the Board committed two errors. First, the Board erred when it failed to recognize that an asylum applicant may be entitled to relief when the persecutor is motivated by more than one reason. Second, Petitioners argue that there was substantial evidence in the record to compel the factfinder to conclude that there was a secondary motivation for Barrio 18 and MS-13's alleged persecution: here, the Lopez Family's familial ties.[2]

We discern no legal error in the Board's analysis. The Board correctly acknowledged that the asylum applicant must show that the claimed social group "was or will be at least one central reason" for the claimed persecution. A.R. at 5. Further, the Board correctly determined that a secondary motivation that is "at most incidental or tangential to the 'central reason' that motivated

---

[2] Petitioners acknowledge that they "did not challenge the IJ's denial of relief under the [CAT] and the Board considered this issue waived" and are not challenging that decision "in this petition for review." Pet'rs Br. at 3 n.1.

the criminals to extort and threaten them" does not entitle Petitioners to asylum. *Id.* Petitioners'

assertion that the Board and IJ "did not seem to contemplate" that "two motives can co-exist" is

misplaced. Pet'rs Br. at 18. Here, the Board noted that there were at least two motivations in

Petitioners' claim but that it could not award asylum relief to Petitioners because the motivation

based on the claimed protected group was not a "central reason" for the claimed persecution as

required by the statute. Accordingly, we find that the Board did not commit legal error in its

decision.

We also find that the Board's factual determination that Petitioners' family identity was at

most incidental or tangential to the central reason for their claimed persecution is supported by

substantial evidence in the record. Indeed, substantial evidence in the record indicates that the

gangs targeted members of the Lopez Family as a means to access their wealth from the restaurant

or from relatives living in the United States. This finding supports a conclusion that the gangs'

motivation to extort Petitioners based on their family identity was at most incidental or tangential

to the central reason for their motivation. *See Bentacourt-Aplicano*, 747 F. App'x at 284 (holding

that substantial evidence existed to support finding of no nexus because mentions of family's name

were made only in connection with robbers' demands for money); *Matter of L-E-A-*, 27 I. & N.

Dec. 40, 46–47 (BIA 2017) (holding that where threats against family members are "a means to

achieve the [gang's] objective to increase its [finances]," there is no nexus).

Petitioners concede this key point: "[T]here is substantial evidence in the record that the

MS-13 and Barrio 18 regularly employ this strategy of targeting whole families when a single

member resists their demands for money, support, or fealty." Pet'rs Br. at 18. Thus, we find no

error in the Board's conclusion in light of the Petitioners' statement and the testimony from Susana

and Tannia. Susana testified: "When [Tannia] lived with her dad, he used to have a business on

the coast. And because of that business, [Barrio 18 members] were requesting money. . . . And they threatened with death my daughter Tannia." A.R. at 197. Tannia testified that she and her father were a target because "[the gangs] assume that [by being a businessman], you can get more earnings and more income." A.R. at 183. In light of this testimony it would be plausible for the factfinder to read the evidence and conclude that the persecutors targeted the Lopez Family only to gain access to their wealth, and the record does not compel a contrary finding. Therefore, substantial evidence in the record supports the Board's conclusion that the gangs' central reason for targeting Petitioners was the family's perceived wealth and that the gangs only incidentally targeted Petitioners based on their family identity.

Lastly, we hold that Petitioners are not entitled to withholding of removal. "Because an alien must meet a higher burden in establishing a right to withholding of removal than in demonstrating asylum eligibility, an alien who fails to qualify for asylum necessarily does not qualify for withholding of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (citation omitted).

### III. CONCLUSION

For all these reasons, we **DENY** Petitioners' petition for review.