NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0663n.06

No. 10-3011

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Sep 09, 2011*

LEONARD GREEN, Clerk

RAMESHBABU RAMU KUPPUSAMY, aka            )
Kuppusamy Ramu Ramesh Badu,               )
                                          )
            Petitioner,                   )
                                          )
                                          )      ON APPEAL FROM THE BOARD OF
v.                                        )      IMMIGRATION APPEALS
                                          )
ERIC H. HOLDER, JR., Attorney General,    )
                                          )
            Respondent.                   )

**Before:  COLE and STRANCH, Circuit Judges; ZATKOFF, District Judge.**[*]

**JANE B. STRANCH, Circuit Judge**.  Petitioner, Rameshbabu Kuppusamy, has been employed in the United States at least since 2006.  He had an approved I-140 petition for immigrant visa filed by his employer listing his job as a physical therapist.  Citizenship and Immigration Services ("CIS") denied his corresponding I-485 application for adjustment of status because Kuppusamy did not pass Michigan's physical therapist certification exam.  A series of subsequent filings failed to rectify the problem and Kuppusamy was ordered removed to India.  The Board of Immigration Appeals ("BIA") affirmed.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

The BIA did not err in affirming the immigration judge's determination that she lacked jurisdiction over Kuppusamy's new I-485 and in concluding Kuppusamy's counsel did not demonstrate good cause for a continuance. Moreover, equitable remedies cannot rectify the mistakes in this case. Therefore, we **DECLINE** the petition for review.

## I. BACKGROUND

Kuppusamy, a citizen of India, was granted advance parole into the United States by the Department of Homeland Security ("DHS") on March 23, 2006. His pending application for adjustment of status (Form "I-485") as a physical therapist was based on a petition for an immigrant visa (Form "I-140") that was filed by his employer. Kuppusamy filed a number of I-485 applications corresponding to this I-140 culminating in an April 18, 2006 denial of his third I-485 ("original I-485") by CIS. On April 19, 2006, DHS issued a Notice to Appear charging Kuppusamy with removability pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1182(a)(7)(A)(i)(I).

### A. May 17, 2006: Initial Hearing

At his May 17, 2006 initial hearing before the immigration judge ("IJ"), Kuppusamy was represented by attorney Sher Akhtar. Akhtar conceded Kuppusamy's removability, but argued CIS denied Kuppusamy's I-485 merely because Kuppusamy failed the English portion of Michigan's physical therapist certification exam. The IJ determined she could not adjust Kuppusamy's status at this time because Michigan had not certified him to practice physical therapy.

At the hearing, Akhtar presented an I-140 filed by Kuppusamy's employer, Wellness Care. The IJ pointed out that the only I-140 visa petition she had was filed by Primecare Physical Therapy Inc. Akhtar explained that the companies were the same employer as one was merely a successor-in-

function. The IJ concluded she did not have jurisdiction because the successor-in-function determination must be made by CIS; however, she granted a continuance for counsel to file the appropriate documentation with CIS.[1] The new hearing was tentatively scheduled for October 23, 2006, three months after Kuppusamy was scheduled to take his physical therapist certification exam yet again.

On October 6, 2006, Primecare filed a second I-140, this time listing Kuppusamy's job title as a rehabilitation coordinator. This petition was approved by CIS on December 15. Instead of filing a I-485 corresponding to the new I-140 with CIS, Akhtar filed the new I-485 directly with the immigration court.

## B. December 28, 2007: Second Hearing Before the IJ

The proceedings to adjudicate Kuppusamy's removability were continued until December 28, 2007. Akhtar did not alert the court to the change of the I-140 and I-485 before the court. The IJ stated that the hearing was to adjudicate Kuppusamy's removability due to the April 16, 2006 denial of the original I-485. Kuppusamy's attorney argued that the I-485 filed directly with the court was a modification of the old I-485 denied by CIS. The IJ disagreed and determined she had no jurisdiction to review the new I-485 before her as it had not been presented to CIS.

Counsel then requested another continuance to allow Kuppusamy to take the certification exam a ninth time. The IJ denied the continuance request as untimely, noting local operating procedures required the filing of a Motion for Continuance 14 days prior to the hearing. She explained,

---

[1]There is no evidence in the record counsel ever filed the documents with CIS to establish successor-in-function status.

> counsel had been advised by the Court of the necessity of submitting evidence of state certification, passage of the appropriate tests, at hearing in May of 2006. If the Respondent failed to pass successfully the certification requirements in 2006 or 2007 counsel clearly had ample time to file a Motion for Continuance.

Administrative Record at 71. The IJ also denied Kuppusamy's motion to terminate the proceedings. The IJ specifically stated that Kuppusamy's counsel should have filed the application for Adjustment with CIS following the approval of the new I-140; had he done so, the new I-485 probably would have been adjudicated by the December 28, 2007 hearing and the IJ would have had jurisdiction.

## C. BIA Appeal

Instead of attempting to file the new "rehabilitation coordinator" I-485 with CIS, Akhtar appealed the IJ's decision to the BIA. He argued that the application for adjustment of status was the same as the original I-485, even though it was based on a different I-140, and that the IJ should have granted a continuance to pursue the I-485 from the initial proceeding.

The BIA affirmed on December 31, 2009. Its decision rejected the argument that the I-485 filed with the court was a renewal of the previously denied application. The BIA reasoned that when an application for adjustment (I-485) relies on a new employment-based visa petition (I-140), the IJ lacks jurisdiction because the adjustment of status application is new and must be reviewed by CIS before the IJ may consider it. The BIA also held that the IJ was reasonable in denying a continuance requested.

## II. DISCUSSION

### A. Standard of Review

When the BIA issues a separate opinion upon review of an IJ's decision, this Court treats the BIA ruling as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir.

2007).  To the extent the BIA adopted the IJ's reasoning, however, this Court also reviews the IJ's decision.  *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).  Legal determinations are reviewed *de novo*, but substantial deference is granted to the BIA's interpretation of the INA and the accompanying regulations.  *Morgan*, 507 F.3d at 1057.  This Court reviews both the IJ's and the BIA's factual findings under the substantial-evidence standard, in which factual determinations are sustained if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009) (internal quotation marks and citation omitted); *see also Khalili*, 557 F.3d at 435.  This Court does not reverse such findings simply because it would have decided them differently.  *Khalili*, 557 F.3d at 435.

**B.  Issues on Appeal**

**1.  Petitioner's Arguments**

Kuppusamy first argues that the IJ violated his due process rights by not informing him that the I-485 was incorrectly filed, an issue not raised before the BIA.  This Court lacks subject matter jurisdiction to review Kuppusamy's procedural due process claim because administrative remedies were not exhausted on this issue.  8 U.S.C. § 1252(d)(1); *Madrigal v. Holder*, 572 F.3d 239, 243 (6th Cir. 2009).[2]

Petitioner's second argument relates to issues of travel for advance parolees who previously overstayed their visas and filed an I-131 application to travel.  This section of Kuppusamy's brief fails to develop an argument discernibly related to the decisions below.  However, for the first time

---

[2]Although there is an exception to the exhaustion requirement for constitutional challenges to the IJ and BIA decisions, that exception is irrelevant here because it applies only to claims involving procedural problems that are not correctable by the BIA. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006); *Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009).

at oral argument, counsel for Petitioner argued that Kuppusamy was not an arriving alien but, instead, had visa overstay status. We do not address this argument because the claim was not exhausted below as Kuppusamy never contested his status as an arriving alien before the IJ or BIA. *Madrigal*, 572 F.3d at 243.

## 2. The IJ's Jurisdiction

The second issue is jurisdictional. An IJ lacks jurisdiction over a I-485 that was not reviewed by CIS. *See* 8 C.F.R. § 1245.2(a)(1)(ii) (describing the prerequisites for the IJ's jurisdiction). When adjustment of status is based on a new employment-based visa petition, the corresponding I-485 is also new and the applicant is ineligible to apply for adjustment before the IJ until the I-485 is reviewed by CIS. *See Matter of Silitonga*, 25 I.&N. Dec. 89, 92 (BIA 2009).

The IJ had good reason to conclude the I-485 before her in the second hearing was new. This I-485 was signed by Akhtar on January 30, 2007 and was filed with the immigration court along with the newly approved I-140 that listed Kuppusamy's job title as a rehabilitation coordinator. The IJ reasonably concluded she lacked jurisdiction because this new I-485, corresponding to the new I-140, was never reviewed by CIS. Therefore, the BIA did not err in affirming the IJ's conclusion that she lacked jurisdiction over the I-485 before her.

## 3. Denial of the Request for Continuance

On appeal to the BIA, Akhtar also argued the IJ erred in not granting Kuppusamy another continuance on his initial I-485. An IJ has discretion to continue immigration proceedings upon a showing of good cause. 8 C.F.R. § 1003.29.[3] The IJ decided not to continue the proceedings

---

[3]Generally, this Court does not have jurisdiction to review the IJ's discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B); *Kucana v. Holder*, 130 S.Ct. 827, 831–32 (2010). However, in *Young Hee Kwak v. Holder* we held, even in light of *Kucana*, this Court has jurisdiction to review denials

because the motion was untimely.  Kuppusamy's counsel requested a continuance at the hearing even though the rules required filing at least 14 days in advance.  Moreover, Kuppusamy took the physical therapist certification test approximately five months before the second hearing and, as found by the IJ, had ample time to ask before the hearing for another continuance to allow Kuppusamy to retake the certification exam yet again.  Because the motion for continuance could have been filed well before 14 days in advance of the hearing, the BIA did not abuse its discretion in affirming the IJ's decision not to grant a continuance.  *See Ukpabi v. Mukasey*, 525 F.3d 403, 407 (6th Cir. 2008) (reviewing the BIA's affirmance of the IJ's denial of a motion for continuance under an abuse-of-discretion standard); *see also Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007) (an abuse of discretion occurs if "the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.") (internal quotation marks and citation omitted).

## C.  Availability of Equitable Remedies

Principles of equity govern this Court's ability to consider issues *sua sponte* to prevent manifest injustice.  And we have done so.  *See Brown v. Crowe*, 963 F.2d 895, 898 (6th Cir. 1992) ("[A] federal appellate court is always empowered to resolve any issue not considered below 'where the proper resolution is beyond any doubt or where injustice . . . might otherwise result.'") (quoting *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 477 (6th Cir. 1990)).  This Court has held that ineffective assistance of counsel in an immigration case may be appropriate grounds for equitable tolling.  *See Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010).  Equitable tolling or another

---

of a motion for a continuance because the IJ's discretion over these motions derives not from statute but from 8 C.F.R. § 1003.29.  607 F.3d 1140, 1143 (6th Cir. 2010).

equitable remedy, however, cannot aid Kuppusamy. Kuppusamy cannot file the new I-485 because his visa is no longer current. Moreover, he has already left the country and thus would not be present in the United States as required to pursue the new I-485.

### III. CONCLUSION

The circumstances of this case are unfortunate. Kuppusamy was valued by his employer and his removal could have been avoided by proper filing of his immigration forms. However, the IJ did not err in ordering Kuppusamy's removal to India. Therefore, we **DECLINE** the petition for review.