**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0456n.06

No. 12-3201

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*May 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MUHAMMAD SALMAN RAIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  COLE and McKEAGUE, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM.  Muhammad Salman Rais, a citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision denying his application for adjustment of status pursuant to 8 U.S.C. § 1255.  This court granted Rais a stay of removal pending the disposition of this appeal.

Rais was born in Pakistan in 1975.  He entered the United States in 2002 to attend school. Shortly after his arrival, Rais married a United States citizen and applied for adjustment of status to lawful permanent residency.  He was convicted of domestic violence against his wife, also in 2002. Rais was granted advance parole, allowing him to leave the United States without abandoning his application for adjustment of status.  He was paroled back into this country in 2003.  In 2004, his

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

application for adjustment of status was denied because Rais and his wife were divorcing. He married another United States citizen in 2005, and again applied for adjustment of status. That application was denied in 2009 because of his domestic violence conviction. Simultaneously, Rais was placed in removal proceedings, in which he also attempted to apply for adjustment of status. The IJ determined that she lacked jurisdiction to grant Rais adjustment of status under 8 U.S.C. § 1255 and applicable implementing regulations, and the BIA affirmed. Meanwhile, Rais had filed another application for adjustment of status with the United States Citizenship and Immigration Service (USCIS), which was also denied in 2012.

In his initial brief before this court, Rais argues that the IJ and the BIA erred in determining that they lacked jurisdiction over his application for adjustment of status. We must uphold the BIA's interpretation of the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and associated regulations unless it is arbitrary, capricious, or manifestly contrary to statute. *Sad v. INS*, 246 F.3d 811, 815 (6th Cir. 2001).

The USCIS has exclusive jurisdiction over applications for adjustment of status by arriving aliens, except in the case of an alien who is renewing an application that he filed prior to departure from the United States on advance parole, which may be presented to an IJ in removal proceedings. *See Brito v. Mukasey*, 521 F.3d 160, 166-68 (2d Cir. 2008). Here, Rais was not renewing the application for adjustment of status that he filed prior to leaving the country on advance parole, but had filed a new application based on his second marriage. Therefore, the IJ lacked jurisdiction to review the application under the applicable regulations. *See Kuppusamy v. Holder*, 437 F. App'x 452, 455 (6th Cir. 2011); *Brito*, 521 F.3d at 166-68; 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1). The

No. 12-3201
*Rais v. Holder*

BIA's interpretation of the law in this case is reasonable and must be upheld, and the petition for review denied.

In a supplemental brief filed by new counsel, Rais seeks to challenge the most recent denial of his application by the USCIS. We lack jurisdiction to review that decision, as it is not a final order of removal. *See* 8 U.S.C. § 1252(a)(1). Moreover, there is no judicial review of discretionary decisions denying adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Accordingly, the petition for review is denied.